IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER WILLIAMS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO: -_____.__** |
| ) | |
| **PELICAN AUTO FINANCE, LLC** ) | ***TRIAL BY JURY REQUESTED*** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, Jennifer Williams (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, Pelican Auto Finance, LLC, (hereafter "Defendant(s)", and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA"). The Defendant, through the use of an automated dialing machine, continually contacted Plaintiff on his cellular telephone after Plaintiff informed Defendant to cease this form of harassing communication. Defendant's continual attempts to contact Plaintiff via this method were so frequent as to be unreasonable and constitute harassment within the meaning of the Collection Agency Act, and constituted such a nuisance as to be clearly within the ambit of the TCPA's protections.

### PARTIES

1. Plaintiff Jennifer Williams is an individual over the age of 18 residing at 612 North Joachim Street, Mobile, Alabama 36603.

2.      Defendant Pelican Auto Finance, LLC is, and at all times herein referenced was, a California Limited Liability Company registered to transact business within the State of Alabama transacting substantial business in Alabama, having certain minimal contacts with the State of Alabama and available for service of process via a Registered Agent, to wit: Incorp Services, Inc. 2094 Myrtlewood Drive Montgomery, Alabama 36111.

## JURISDICTION AND VENUE

1.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and 28 U.S.C. § 1367 Supplemental Jurisdiction.

2.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4.      The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Mobile County, by the Defendant's placing of unlawful telephone calls to Plaintiff's cellular telephone.

5.      Defendant, at all material times, was attempting to collect a consumer debt relating to a loan Defendant made to Plaintiff.

6.      On or about, November/December 2016, Plaintiff received a phone call from Defendant to

collect a debt.

7. During the telephone call, Plaintiff informed Defendant to stop calling her cell phone and revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication.

8. Plaintiff's oral communication of her demand not to be contacted by Defendant constitutes a reasonable method of revoking consent within the meaning of the FCC's Declaratory Ruling and Order dated July 10, 2015 ("TCPA Ruling").

9. Defendant nevertheless continued to contact Plaintiff on her cell phone, through live calls, voicemails, robocalls, and text messages, on innumerable occasions.

10. Plaintiff consistently re-expressed her demand not to be contacted by Defendant on numerous other occasions.

11. After Plaintiff's initial revocation of consent, Plaintiff has received in excess of 200 telephone calls and text messages from One Main in an attempt to collect this debt.

12. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

13. Plaintiff is the regular user and carrier of the cellular telephone number ending in 1630 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

14. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

15.     Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day from November/December 2016 through the filing of this complaint.

16.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone.

17.     The following phone number used by defendant to contact Plaintiff including, but not limited to, 251-229-7433.

18.     Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

19.     Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

20.     Some of the voicemail messages received by Plaintiff on her cellular telephone from Defendant sounded like an artificial or pre-recorded voice requesting a return call from Plaintiff.

21.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

22.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

23.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I

## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

24.     Plaintiff incorporates all allegations in paragraphs 1-23 above as if stated fully herein.

25.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

26.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

27.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

WHEREFORE, Plaintiff Jennifer Williams demands judgment against Defendant, Pelican Auto Finance, LLC, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after December 31, 2016;

b. any other relief the Court deems just and proper.

## COUNT II

### WILLFULL OR KNOWING VIOLATION
### OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

28.     Plaintiff incorporates all allegations in paragraphs 1-27 above as if stated fully herein.

29.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

30.     As part of Defendant's business, it regularly contacts debtors in an attempt to collect debts.

31.     Due to the nature of Defendants business described above, defendant is well aware of the proscription of the TCPA and all FCC Regulations, Declarations, and other guidance.

32.      It is therefore incumbent upon the Defendant to comply with the TCPA, FCC Regulations, and other guidance.

33.     The decision to ignore the proscriptions of the TCPA, FCC Regulations, and other guidance, or fail to institute procedures designed to prevent violations of the TCPA, FCC Regulations, and other guidance, is a willful violation of the TCPA.

WHEREFORE, Plaintiff Jennifer Williams demands judgment against Defendant, Pelican Auto Finance, LLC, for the following relief:

a. In addition to the relief requested in Count I, treble damages pursuant to 47 U.S.C. § 227(b)(3) (flush language) of the amount determined in Count I in the amount of $500.00 for each of the independent violations occurring after December 31, 2016;

b. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

s/ Rhon E. Jones_____
RHON E. JONES (JON093)

**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 (Facsimile)
rhon.jones@beasleyallen.com